## CHAMBERS v. COPE et al.*
### No. 5214.

Court of Appeal of Louisiana. Second Circuit.

June 26, 1936.

Stephens & Stephens, of Coushatta, for appellant.

Henry W. Bethard, Jr., of Coushatta, for appellee.

TALIAFERRO, Judge.

In this case the original petition consists of a demand by W. M. Chambers, of Caddo parish, La., against Charles M. Cope, of Kilgore, Tex., for $844.94, interest and costs. The indebtedness is alleged to have been incurred in the drilling of a well in search of oil on the S. W. ¼ of the N. E. ¼ of Sec. 34, Tp. 13 N., R. 8 W., Red River parish. The items composing it are the price of fuel, rent on drilling rig, and value of Break Out tongs used in the drilling operation, entitling plaintiff, it is also alleged, to a lien and privilege upon the leased premises and all equipment, appliances, and structures placed thereon. The equipment, including 1,700 feet of 8-inch pipe, was provisionally seized.

By supplemental petition, Guy W. Longley, also a resident of Texas, was made a party defendant by substituted process on the ground that the project was a joint adventure between him and Cope. The facts pleaded in support of this conclusion are that, although all the transactions leading up to the drilling were had with Cope, Longley at times paid the labor and supply bills with his personal check, jointly supervised the work, furnished casing for the well, and was to profit from its successful completion. The allegations of the original petition are adopted and, in the alternative, plaintiff reasserts his claim against Cope individually. Longley filed an affidavit of ownership of the pipe and an application to bond the seizure as a party defendant, disavowing any interest in the other property under seizure. He does not affirmatively assert ownership of the pipe in this application. It does not appear that he furnished bond to have the pipe released to him.

Through their curators ad hoc, Cope answered both the original and amended petitions, whereas Longley answered only the latter, leaving the allegations of the original petition undenied by him. Cope appeared as a witness in the case. Longley did not, but was represented at the trial by his personal attorneys. In his answer to the supplemental petition, Longley does not allege his ownership of the pipe, the curator contenting himself with the denial of the allegations in regard to the joint adventure.

The lower court rendered a personal judgment against both defendants in solido in the principal sum of $714.94, maintaining the writ of provisional seizure and recognizing plaintiff's lien upon the property seized, "particularly the quantity of 8-inch pipe."

From this judgment, Longley alone appeals, leaving the judgment as to Cope, both as to the amount and the recognition of the lien, final and unchangeable by us.

The allegations of the original petition being undenied by Longley and the supplemental petition being limited in its averments to the allegation of joint adventure, our review of the case is necessarily confined to this issue.

The land upon which the well was drilled was, on December 11, 1933, leased by its owner, J. E. Thomas, to O. A. Arnold. The lessee then entered into a drilling agreement with three other parties, one of whom was defendant Longley, under which each was to have a one-fourth interest in the lease. After going down 750 feet, the project was abandoned and the lease recon-

veyed to Thomas. He, on September 8, 1934, leased the property to A. J. Mason who entered into an agreement with C. M. Cope, defendant, representing a group at Kilgore, Tex., headed by D. W. Wrather, whereby the group were to put up $2,500 to complete the well. Longley was no party to this agreement and was not a member of the group. All of the creditors looked to Cope and Wrather for payment, which was usually made by the former's draft upon the latter. Longley was about the well much of the time, but it is not shown that he claimed or exercised any authority over the drilling. Cope says that he had nothing to do with it, beyond the privilege of examining the core. Though the record does not disclose its source, he says that Longley had an overriding interest in the lease. The most that plaintiff claims is that Longley phoned him at different times to bring out oil to the well, but he does not say that Longley asserted any authority or admitted any responsibility in connection with the property. Plaintiff himself says that he looked to Cope and Wrather for payment.

Bartlett, who tested the well after its second failure, says that Longley gave him a draft on Cope in payment of rental on some equipment, but admits that he was employed to make the test and paid by Wrather. Cope says that Longley was not present when the deal for the rent of the equipment was made.

Cope testifies that the 8-inch pipe was bought by him from a secondhand dealer for Longley. It was placed upon the lease to be purchased by its owners from Longley for use in the well. When an attempt was made to put the pipe in the well, it was found that the well was in such condition that it could not be used. It was then stacked on the lease to be returned to Longley, and was there seized.

The above testimony shows that Longley did have some ill-defined interest in the lease, but falls far short of establishing him as a joint adventurer. Ault & Wiborg Co. of Canada v. Carson Carbon Company, 181 La. 681, 160 So. 298.

For the reasons herein assigned, the judgment appealed from, in so far as it condemns Guy W. Longley, is reversed, annulled, and set aside, and plaintiff's demand as to him is rejected, at his cost, including cost of appeal.